UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYVLANIA


| | | |
|---|---|---|
| DEBORA KAGARISE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. |
| Vs. | : | |
| | : | (Electronically Filed) |
| STEELTON HIGHSPIRE SCHOOL | : | |
| DISTRICT, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff, Debora Kagarise, brings this action against Defendant, Steelton Highspire School District, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq.

1.   Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction of the PMWA claim is proper under 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391.

**PARTIES**

4.      Plaintiff is an adult individual residing at 1121 Middletown Road, Hummelstown, Pennsylvania, 17036 (Dauphin County).

5.      Plaintiff is an employee covered by the FLSA and the PMWA.

6.      Defendant, Steelton Highspire School District, is a public agency with a principle place of business located at 250 Reynders Avenue, P.O. Box 7645, Steelton, Pennsylvania 17113 (Dauphin County).

**FACTS**

7.      The Plaintiff is employed as an Administrative Assistant with the Defendant and has been employed by the Defendant since August 2013.

8.      In June 2014, the Plaintiff was assigned additional responsibilities which included acting as the Secretary for the Defendant's Board.

9.      The additional responsibilities included remaining at work after her normal work day and preparing minutes for the Board, assembling documents to be reviewed by the Board, typing the agenda for the Board, attending the Board's meetings which occurred approximately two times per month, recording the

minutes of the meeting, cleaning up after the meetings and making sure the room was secured at the end the night.

10.    In addition to attending Board meetings, the Plaintiff was also required to be available for Executive Sessions which would occur approximately two times per month.

11.    The Plaintiff's normal work hours as an Administrative Assistant were 8:00 a.m. to 4:00 p.m.

12.    On evenings when either a Board meeting or an Executive Session was held, the Plaintiff would be required to work at the conclusion of her normal shift at 4:00 p.m. until approximately 8:30 p.m., two times per month.

13.    The Plaintiff continued to perform the Board Secretary position through August 20, 2015 at which time she requested that a stipend be paid as a result of the additional duties she was required to perform.

14.    The Board voted to pay a stipend of $2,400.00 which was less than the previous stipend of $4,000.00 that had been paid to the previous Secretary.

15.    At around the same time in August 2015, the Plaintiff was assigned additional Human Resources duties which included, but was not limited to, conducting employee background checks, confirming certifications for teachers

for credit hours, maintaining a list of substitute teachers, tracking clearances for bus drivers and tracking teacher evaluations.   The Plaintiff was not offered any additional pay as a result of these additional duties.

16.    In 2017, the Plaintiff was assigned additional duties of the Facilities Coordinator position.

17.    In June 2017, the Plaintiff again requested an increase in the stipend as a result of the additional duties and the Board voted to approve an increase of the stipend to $4,174.00.

18.    Between June 2014 and July 20, 2017, the Plaintiff worked at least eighteen hours per month for which she did not receive compensation or received compensation that was less than was required under the FLSA and PMWA.

19.    On July 20, 2017, the Plaintiff submitted a written request to the Board to resign as Board Secretary.

20.    The Board ignored her request and she was required to continue with the responsibilities/duties of the Board Secretary position until September 11, 2017.

## COUNT ONE – FLSA VIOLATIONS

21.     The Plaintiff incorporates by reference Paragraphs 1-20 as though set forth at length herein.

22.     The FLSA requires that employees receive overtime premium compensation "not less than one and one half times" their regular pay rate for hours worked over 40 per week.'" See 29 U.S.C. § 207(a)(1).

23.     Defendant has violated the FLSA by failing to pay the Plaintiff for all overtime hours worked.

24.     In violating the FLSA, the Defendant has acted willfully and with reckless disregard of the clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT TWO – PMWA VIOLATIONS

25.     The Plaintiff incorporates by reference Paragraphs 1-24 as though set forth at length herein.

26.     The PMWA requires that employees receive overtime premium compensation "not less than one and one half times" the employee's regular pay rate for hours worked over 40 per week.'" See 43 P.S. § 333.104(c).

27.     Defendant has violated the PMWA by failing to pay Plaintiff for all overtime hours worked.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff seeks the following relief:

(1)     Unpaid overtime wages and prejudgment interest;

(2)     Liquidated damages to the fullest extent permitted under the FLSA;

(3)     Litigation costs, expenses and attorney's fees; and

(4)     Such other relief the Court deems just and proper.

<strong>DEMAND FOR JURY TRIAL</strong>

Plaintiff demands a jury trial on the issues raised herein.

Respectfully Submitted,

s/ Ira H. Weinstock
Ira H. Weinstock, Esquire (PA 01602)
e-mail: iweinstock@weinstocklaborlaw.com

s/ John B. Dougherty
John B. Dougherty (PA 70680)
e-mail:jdoughtery@weinstocklaborlaw.com

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA  17102
Telephone:  717-238-1657
Facsimile:  717-238-6691